UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
EMILY DAVIS                                     :
                                                :      CASE NO. 4:11-CV-00541
            Plaintiff,                          :
                                                :
vs.                                             :      OPINION & ORDER
                                                :      [Resolving Doc. No. 21]
LABORATORY CORPORATION OF                       :
AMERICA HOLDINGS                                :
                                                :
            Defendant.                          :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, the Plaintiff generally alleges that the Defendant negligently conducted a drug test on her hair, leading to a false positive result and that ultimately resulted in her losing an offer of employment. [Doc. 1-1.] The Plaintiff now files motion under Rule 41(a)(2), requesting that this action be dismissed without prejudice because preliminary discovery suggests that "there is . . . a need to consider . . . a newly discovered party . . . [and] a new theory on why the test results are in error . . . ." [Doc. 21 at 3.] The Plaintiff says that based upon this new theory, it may no longer be necessary to pursue action against the Defendant. [*Id.*]

The Defendant opposes the motion, saying that a dismissal without prejudice will result in plain legal prejudice and that the Plaintiff's motion is simply an attempt to forum shop to avoid the Court's scheduling order. [Doc. 22.] The Defendant also says that it expended significant time and expense on the matter, including serving document requests and interrogatories. [*Id.* at 3.]


Case No. 4:11-CV-00541
Gwin, J.

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule also provides that "[u]nless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." *Id.* When considering a plaintiff's request to dismiss an action, the court must take into account whether such a voluntary dismissal will prejudice the defendant. *Maldonado v. Thomas M. Cooley Law School*, 65 F. App'x. 955, 956 (6th Cir. 2003); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In order to determine whether a defendant will suffer plain legal prejudice, the Court must consider four factors: (1) the defendant's effort and expense in preparation of trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) the sufficiency of the plaintiff's explanation for the need of the dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Maldonado*, 65 F. App'x at 956 (citing *Grover*, 33 F.3d at 718). The Court does not need to resolve every factor in a plaintiff's favor to conclude that dismissal without prejudice is warranted. *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). The factors are more of a guide and discretion ultimately rests with this Court. *Id.*

With regard to the first factor – the Defendant's expense and effort in preparation of trial – the Court finds that it weighs in favor of granting the Plaintiff's motion. The case is at a very early stage and any expense that the Defendant may have incurred is still comparatively small. The case was only filed two months ago and dispositive motions are not due for another three months. Moreover, as most of the expenses the Defendant claims to have incurred are related to discovery, should this action be refiled, this discovery would remain relevant and would not go to waste.

On the second factor – whether the Plaintiff has excessively delayed for failed to proceed

Case No. 4:11-CV-00541
Gwin, J.

with diligence – the Court finds that this factor slightly weighs in the Defendant's favor. The Defendant represents to the Court that the Plaintiff has failed to serve discovery requests and has not been responsive to all of the Defendant's own discovery requests. [Doc. 22 at 3-4.]

The third factor – the sufficiency of the Plaintiff's explanation for the need of the dismissal – does not weigh strongly in either direction. The Plaintiff states that she needs to research and consider a different theory of recovery, which ultimately may not involve the Defendant. [Doc. 21 at 3.] If the positive test result was caused by the actions of another individual, then this is obviously a relevant inquiry. However, the Plaintiff provides little details by which the Court can analyze the sufficiency of this explanation.

Finally, the fourth factor – whether the Defendant has filed a motion for summary judgment – weighs heavily in favor of granting the Plaintiff's motion. The Defendant has not filed a motion for summary judgment, nor any other considerable motion for that matter, and the deadline for filing dispositive motions is not for another three months.

After weighing the foregoing factors, the Court finds that the Defendant will not suffer legal prejudice should this action be dismissed. The Defendant has invested relatively little in this case, having filed no dispositive motions, and discovery remains in a nascent stage. *Nuovo v. Whitacre*, 2010 WL 3825376, at *3 (S.D. Ohio Sept. 28, 2010). The Defendant primarily seems to be arguing that a dismissal without prejudice will result in legal prejudice because the Plaintiff may simply choose to refile this action at a later time. However, the fact that the Plaintiff may refile this case does not constitute prejudice. Rather, courts have consistently held that "plain legal prejudice" does not result merely from the prospect of a second lawsuit on identical issues. *Grover*, 33 F.3d at 718; *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); *Tyco*, 627 F.2d at 56.

-3-

Case No. 4:11-CV-00541
Gwin, J.

Further, although "forum shopping" may amount to prejudice, in this case it does not rise to that level, particularly since the Plaintiff gives no indication that this dismissal is being made solely to refile in a different forum. *Huntington Nat. Bank v. Big Sky Develop. Flint, LLC*, 2011 WL 500199, at *3 (E.D. Mich. Feb. 8, 2011); *Wakefield v. Children's Hosp., Inc.*, 2009 WL 588021, at *2 (S.D. Ohio Mar. 6, 2009).

The Court must also determine whether to dismiss the case with any special conditions. So long as a plaintiff is given notice, the Court possesses the discretion to imposes costs or attorney's fees. *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629-30 (6th Cir. 2000). However, here, the Court finds that special conditions, such as paying fees, are not appropriate. Because the Defendant can use any evidence produced in discovery in this case in a subsequent action, the costs were not wasted and should not now be compensated. *Spar Gas, Inc. v. AP Propane, Inc.*, 1992 WL 172129, at *2 (6th Cir. Jul. 22, 1992) (stating "when a district court conditions voluntary dismissal without prejudice upon payment of a defendant's fees, the court should award only those fees representing legal work that could not be used in subsequent litigation on the same claims"); *Univ. Estates, Inc. v. City of Athens, Ohio*, 2011 WL 1897444, at *5 (S.D. Ohio May 18, 2011).

Accordingly, for the foregoing reasons the Court **GRANTS** the Plaintiff's motion and dismisses the case without prejudice and also declines to impose any special conditions.

IT IS SO ORDERED.

Dated: May 27, 2011                                    s/     *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE